**Carl James THOMPSON,
Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–00–00201–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 20, 2001.

Decided Oct. 17, 2001.

Clement Dunn, Longview, for appellant.

Andy Porter, Assistant District Attorney, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Carl James Thompson, Jr. was charged by indictment with sixteen counts of aggravated sexual assault arising out of a single criminal episode. The sixteen separate offenses involved three different victims, each under the age of fourteen years. Thompson entered a plea of guilty before the court to each of the sixteen counts without a plea agreement. The trial court accepted the pleas of guilty, finding they were entered freely and voluntarily, and after hearing evidence, assessed punishment on each of the sixteen counts at life imprisonment. The sentences were ordered to run concurrently. Thompson filed a motion for new trial which was overruled, and he now appeals to this Court.

Thompson asserts two points of error. First, he contends his guilty pleas were not taken in compliance with Article 26.13 of the Texas Code of Criminal Procedure. Second, he contends the trial court erred in allowing testimony concerning a remote extraneous offense.

Before accepting Thompson's pleas of guilty, the trial court admonished him pursuant to Tex.Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp.2001), questioning him regarding his understanding of the consequences of his pleas. During the court's admonishment pursuant to subsection (a)(5) of this statute, regarding the registration requirements of sex offenders, the trial court asked Thompson if he understood he would be required to meet any registration requirements of Chapter 62 of the Code of Criminal Procedure [1] as they relate to the registration of a sex offender. Tex.Code Crim. Proc. Ann. art. 26.13(a)

(Vernon Supp.2001). Thompson responded in the affirmative.

Under Article 26.13(h), the trial court is also required to "ascertain whether the attorney representing the defendant has advised the defendant regarding registration requirements under Chapter 62." Tex.Code Crim. Proc. Ann. art. 26.13(h) (Vernon Supp.2001). Though the trial court complied with subsection (a)(5) of Article 26.13, it did not comply with subsection (h).

Article 26.13 specifically lists the admonishments the trial court is required to give the defendant before accepting a plea of guilty or a plea of nolo contendere. Compliance with the statute requires that admonishments be directed to the defendant and that the admonishments be made by the trial judge. *Whitten v. State,* 587 S.W.2d 156, 157–58 (Tex.Crim.App. [Panel Op.] 1979) (op. on reh'g), *overruled on other grounds, Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997). Though the admonishments are mandatory, failure to comply with Article 26.13 is nonconstitutional error. *Aguirre–Mata v. State,* 992 S.W.2d 495, 499 (Tex.Crim.App.1999). The Texas Court of Criminal Appeals has repeatedly said, "The purpose and function of Article 26.13 are to ensure that only a constitutionally valid plea is entered and accepted by the trial court." *Ex parte Morrow,* 952 S.W.2d 530, 534 (Tex.Crim. App.1997) (citing *Meyers v. State,* 623 S.W.2d 397, 402 (Tex.Crim.App. [Panel Op.] 1981)); *see also Ex parte Evans,* 690 S.W.2d 274, 276 (Tex.Crim.App.1985).

In 1999, the Legislature amended Article 26.13(a) to include an admonishment regarding sex offender registration, which became effective as amended on September 1, 1999. *See* Act of May 29, 1999, 76th

---

1. Chapter 62 of the Texas Code of Criminal Procedure deals with the sex offender registration program. Tex.Code Crim. Proc. Ann. art. 62.01, et seq. (Vernon Supp.2001).

Leg., R.S., ch. 1415, § 1(a), 1999 Tex. Gen. Laws 4831, 4831–32. At the same time, the Legislature also added Article 26.13(h), requiring the court to "ascertain whether the attorney representing the defendant has advised the defendant regarding registration requirements under Chapter 62." *See* Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 1(h), 1999 Tex. Gen. Laws 4831, 4832. Because Thompson was tried in 2000, subsection (h) applies.

Although the provisions of Article 26.13 are mandatory, the statute allows by its own provisions for substantial compliance unless the accused shows that he entered his guilty plea without understanding the consequences of his action and that he suffered harm. TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989); *Smith v. State*, 857 S.W.2d 71, 73–74 (Tex.App.—Dallas 1993, pet. ref'd); *Williams v. State*, 770 S.W.2d 81, 82 (Tex.App.—Dallas 1989, no pet.).

■ Until 1997, the law regarding failure to give admonishments was relatively unsettled. In *Whitten*, 587 S.W.2d 156, the Texas Court of Criminal Appeals held that where a particular admonishment under the statute was not given, but that admonishment was immaterial to the plea, the trial court was still in substantial compliance with the statute. But a total failure of the trial court to admonish the defendant concerning the range of punishment constituted reversible error, without regard to whether the defendant was harmed. *Id.* at 157–58 (op. on reh'g); *see also Ex parte McAtee*, 599 S.W.2d 335, 335 (Tex.Crim.App.1980).

Using this method, Texas courts focused their analyses on Article 26.13(c), which states that substantial compliance with the admonishment requirements is sufficient "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX.CODE CRIM. PROC. ANN. art. 26.13(c). But in 1994, the Texas Court of Criminal Appeals rejected the *Whitten* approach of finding substantial compliance where there was in fact no compliance with a particular admonishment. *Morales v. State*, 872 S.W.2d 753, 755 (Tex.Crim.App. 1994) (holding total failure of trial court to admonish defendant that plea of guilty could result in deportation was reversible error, without showing of harm). In *Morales*, the record was silent on whether the defendant was a United States citizen. As such, the deportation consequences of a guilty plea could have been material to the defendant's plea.

After *Morales*, several intermediate appellate courts applied the "substantial compliance through immateriality" analysis to distinguish *Morales* from cases where the record affirmatively established that the defendant was a United States citizen. *Durst v. State*, 900 S.W.2d 134, 139–40 (Tex.App.—Beaumont 1995, pet. ref'd) (holding deportation admonishment immaterial to defendant's guilty plea when record clearly shows defendant is United States citizen); *Dixon v. State*, 891 S.W.2d 783, 783–84 (Tex.App.—Austin 1995, no pet.) (analyzing *Morales* as teaching reversal is required when trial court fails to admonish defendant about deportation consequences only if defendant is not United States citizen or defendant's citizenship is unknown); *Dominguez v. State*, 889 S.W.2d 13, 15–16 (Tex.App.—El Paso 1994, no pet.) (holding when defendant is United States citizen, trial court substantially complies with Article 26.13 despite its failure to admonish on deportation consequences of plea). These courts reasoned that the trial court had substantially complied with Article 26.13(a), despite the trial court's failure to admonish the defendant on the deportation consequences of his

plea, because as a United States citizen the defendant was not subject to deportation, and thus, the admonishment would not have affected the voluntariness of the plea. *Durst,* 900 S.W.2d at 139–40; *Dixon,* 891 S.W.2d at 784; *Dominguez,* 889 S.W.2d at 16.

In 1997, the Texas Court of Criminal Appeals rejected the "substantial compliance through immateriality" analysis and held that a failure to admonish under Article 26.13(a)(4) is subject to a harmless error analysis. *Cain,* 947 S.W.2d at 264. The following year, the Texas Court of Criminal Appeals spelled out and applied the harmless error analysis for cases where the trial court fails to admonish a defendant under Article 26.13. *Carranza v. State,* 980 S.W.2d 653 (Tex.Crim.App. 1998). Under *Carranza,* the trial court does not substantially comply with Article 26.13(a) when it fails to admonish a defendant on one of the statutorily required admonishments. *Id.* at 655–56 (holding trial court did not substantially comply with Article 26.13(a)(4) when it failed to admonish defendant, either orally or in writing, regarding deportation consequences of plea). The court further held this error was nonconstitutional error, subject to a Rule 44.2(b) harmless error analysis. *Id.* at 656. The court struggled with defining an appropriate standard of review due to the "substantial compliance" language implicit in Article 26.13(c). *Id.* at 657–58. But the court determined that under Tex.R.App. P. 44.2(b), when there has been no substantial compliance with the admonishment requirements of Article 26.13, a defendant is required to show *no more than* his unawareness of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Id.* at 658.

But courts still consider whether those consequences are direct or collateral in determining if the voluntariness of the plea was undermined by the failure to admonish. For example, the Texas Court of Criminal Appeals has considered whether the defendant was made fully aware of the direct consequences of a guilty plea when determining the voluntariness of the plea. *State v. Jimenez,* 987 S.W.2d 886, 888–89 (Tex.Crim.App.1999) (applying *Carranza* to misdemeanor case and holding admonishment on deportation consequences of guilty plea not constitutionally required). Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of the plea. *Id.* at 888 (citing *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). A guilty plea will not be rendered involuntary by lack of knowledge of some collateral consequence. *Id.* The deportation consequence of a guilty plea is generally considered a collateral consequence. *Id.* at 888–89. Similarly, before Article 26.13(a) was amended to include an admonishment on sex offender registration, Texas courts held that sex offender registration was only a collateral consequence of a plea of guilty. *Ruffin v. State,* 3 S.W.3d 140, 144 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (holding requirements to register as sex offender have no impact on range of punishment and, therefore, not a direct consequence of plea of guilty to offense of sexual assault); *Guzman v. State,* 993 S.W.2d 232, 236 (Tex.App.—San Antonio 1999, pet. ref'd), *cert. denied,* 528 U.S. 1161, 120 S.Ct. 1174, 145 L.Ed.2d 1082 (2000) (holding failure to admonish defendant on his statutory duty to register as sex offender did not invalidate guilty plea); *In re B.G.M.,* 929 S.W.2d 604, 606–07 (Tex.App.—Texarkana 1996, no writ) (holding possibility of required sex offender registration not mandatory admonishment in juvenile proceeding because registration requirements are reme-

dial and collateral consequence of plea). Although courts are now required to admonish defendants regarding registration requirements, the registration does not impact a defendant's sentence and is meant to be remedial, rather than punitive. *Ducker v. State*, 45 S.W.3d 791, 795 (Tex.App.—Dallas 2001, no pet.); *Ruffin*, 3 S.W.3d at 144; *B.G.M.*, 929 S.W.2d at 606–07.

■ Applying *Carranza* and the concept of direct versus collateral consequence to the facts of this case, we hold that the trial court's failure to ascertain whether Thompson's counsel advised him of the registration requirements constitutes harmless error. The trial court erred by failing to ascertain whether Thompson's counsel advised him of the registration requirements. But Thompson has failed to show that he was unaware of the consequences of his plea or that he was misled or harmed by the trial court's failure to admonish him pursuant to subsection (h).

The 1999 amendments to Article 26.13 help ensure the defendant makes a knowledgeable plea and understands the consequences of pleading guilty to a sexual offense. Subsection (a)(5) requires the trial judge to admonish the defendant of "the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter." Article 26.13(h) requires that "[b]efore accepting a plea of guilty or nolo contendere from a defendant described by Subsection (a)(5), the court shall ascertain whether the attorney representing the defendant has advised the defendant regarding registration requirements under Chapter 62." Both of these amendments are aimed at making sure the defendant makes a knowledgeable plea and understands the registration con-

sequences of that plea. Admonishments under Article 26.13(a)(5) regarding registration are only collateral. *Ducker*, 45 S.W.3d at 795–96. There are no cases dealing with the failure to comply with Article 26.13(h), but there is no reason why the analyses of the cases applying to admonishments pursuant to Article 26.13(a)(4) and (5) should not also apply to (h).

The trial judge admonished Thompson as to the effect of his plea with regard to registration under Chapter 62 as required under Article 26.13(a)(5), pointedly asking him if he understood he would be required to meet any registration requirements of Chapter 62 of the Texas Code of Criminal Procedure as they relate to the registration of a sex offender: "Do you understand that's part of this sentence?" To this Thompson answered, "Yes, sir." The record is clear Thompson understood and knew he was subject to the registration requirements.

The record further shows Thompson understood he would be found guilty and sentenced accordingly if he pled guilty, and he fails to show he was unaware of the consequences of his plea. There is no evidence he would not have pled guilty if the trial court had ascertained whether his attorney had advised him about registration requirements. The registration requirements did not affect the range of punishment. As such, the sex offender registration requirements were collateral consequences of Thompson's plea and did not affect the voluntariness of that plea. *See Ruffin*, 3 S.W.3d at 144. The trial court's failure to comply with Article 26.13(h) of the Texas Code of Criminal Procedure was harmless error.

In his second point of error, Thompson contends the trial court erred in allowing testimony concerning a remote extraneous offense. The State called fifteen-year-old

K.D. to testify regarding an alleged sexual assault against her by Thompson ten years earlier.

To preserve an issue for appeal, a party must present a timely objection stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX.R.APP. P. 33.1(a)(1)(A).

The objection Thompson made at trial was:

> Your Honor, I object to this witness' testimony about this matter. At the time the charges she's talking about were dismissed, she would have been five years old at the time. For the record, I object to her testifying about matters that far back in her recollection due to her young age at the time of the alleged incident.

■■■ Thompson's objection at trial was that K.D.'s age at the time of the alleged events, and the ten intervening years, affect the reliability of her testimony. But Thompson's second point on appeal is that "[t]he Trial Court erred in allowing testimony concerning a remote extraneous offense." Thompson failed to object at trial that this was evidence of an extraneous offense. Thompson objected that the events to which K.D. testified were remote, not that the evidence was of an extraneous offense. A point of error on appeal must correspond to the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986). Thompson failed to timely object and therefore has not preserved the point raised in his brief.

■■■ Even if the issue was preserved, the trial court properly admitted the testimony. Article 37.07, § 3(a) of the Texas Code of Criminal Procedure pro-

vides the following concerning evidence after a finding of guilt:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, ... notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.2001). The events alleged by K.D.'s testimony fit into Article 37.07, § 3(a) as extraneous crimes or bad acts. Thompson's argument is that the alleged events to which K.D. testified were too remote in time and her age too young for the testimony to be credible. Article 37.07, § 3(a) places no time limit on the testimony of extraneous crimes or bad acts. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a). The Texas Court of Criminal Appeals has held that testimony regarding prior character is admissible if it is not so remote as to have no probative value in indicating present character. *Nethery v. State*, 692 S.W.2d 686, 706 (Tex.Crim.App. 1985); *Robles v. State*, 830 S.W.2d 779, 784 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). However, this was not the basis on which Thompson objected, and even if he had so objected, the question of remoteness rests in the sole discretion of the trial court. *Nethery*, 692 S.W.2d at 706; *Davis v. State*, 545 S.W.2d 147, 150 (Tex.Crim. App.1976). Further, objections based on remoteness go to the weight, not the admissibility, of the testimony. *Nethery*, 692 S.W.2d at 706.

K.D.'s testimony is relevant, as the alleged extraneous crimes or bad acts are

similar to those to which Thompson pled guilty, and they tend to show prior and continual behavior of the same nature. The ten-year time span does not make it so remote as to have no probative value on present character, since it deals with the same types of activity.

Thompson argues that the events in the testimony are too remote for K.D. to describe, stating, "Her testimony thus lacked the indicia of reliability requisite for admissibility." This goes to the weight of the testimony. *See id.* The credibility of the witness is the province of the trial court. The trial court is the exclusive trier of fact and judge of the credibility of the witness and the weight to be given the testimony. *Corbin v. State,* 33 S.W.3d 90, 95 (Tex.App.—Texarkana 2000, pet. granted); *Burks v. State,* 876 S.W.2d 877, 909 (Tex.Crim.App.1994) (jury [fact finder] determines witness' credibility of extraneous offense at punishment phase). "It is not the province of this Court to evaluate the credibility of witnesses." *Charleston v. State,* 33 S.W.3d 96, 100 (Tex.App.—Texarkana 2000, pet. ref'd). The trial court did not err in allowing K.D.'s testimony.

We affirm the judgment of the trial court.