NO. 12-02-00166-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CHARLIE BRAGER,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Charlie Brager ("Appellant") appeals his conviction for aggravated sexual assault, for which
he was sentenced to imprisonment for thirty years. Appellant raises one issue on appeal. We affirm.


Background

 Appellant was indicted for the aggravated sexual assault of N.N. (1) Appellant pleaded guilty
and the trial court admonished Appellant to determine if his plea was entered voluntarily. 
Appellant's trial counsel informed the trial court that he believed that Appellant understood his rights
and the consequences of entering the guilty plea. However, Appellant was not admonished regarding
the requirement that he register as a sex offender after serving his sentence. The trial court sentenced
Appellant to imprisonment for thirty years and this appeal followed.


Admonishment Regarding Sex Offender Registration Requirement

 In his sole issue, Appellant argues that the trial court committed reversible error in failing
to admonish him regarding the requirement that he register as a sex offender after serving his
sentence. The State concedes that Appellant was not so admonished, but argues that such a failure
on the trial court's part does not constitute reversible error. 

 Prior to accepting a plea of guilty or nolo contendere, the trial court shall admonish the
defendant of the fact that the defendant will be required to meet the registration requirements of
Chapter 62 of the Texas Code of Criminal Procedure if he is convicted of or placed on deferred
adjudication for an offense for which a person is subject to registration under that chapter. See Tex.
Code Crim. Proc. Ann. art. 26.13(a)(5) (Vernon Supp. 2003). Moreover, the trial court is required
to ascertain whether the defendant's attorney has advised the defendant regarding such registration
requirements. See Tex. Code Crim. Proc. Ann. art. 26.13(h) (Vernon Supp. 2003). However, in
admonishing the defendant, substantial compliance by the trial court is sufficient, unless the
defendant affirmatively shows that he was not aware of the consequences of his plea and that he was
misled or harmed by the admonishment of the court. See Tex. Code Crim. Proc. Ann. art. 26.13(c)
(Vernon 1989).

 The admonishments under article 26.13(a) are not constitutionally required because their
purpose and function is to assist the trial court in making the determination that a guilty plea is
knowingly and voluntarily entered. See Aguirre-Mata v. State, 992 S.W.2d 495, 498-99 (Tex. Crim.
App. 1999); Alvarez v. State, 63 S.W.3d 578, 581 (Tex. App.-Fort Worth 2001, no pet.). Thus, a
trial court commits non-constitutional error when it fails to admonish a defendant on one of the
statutorily required admonishments. Id.

 Non-constitutional error is to be disregarded, unless it affects a substantial right of the
appellant. See Tex. R. App. P. 44.2(b). In this context, a substantial right is affected if the appellant
was unaware of the consequences of his plea and was misled or harmed by the admonishment of the
trial court. Alvarez, 63 S.W.3d at 581-82; Tex. Code Crim. Proc. Ann. art. 26.13(c). (2) We assess
the harm to the appellant, if any, after reviewing the record. See Johnson, 43 S.W.3d at 5.

 Since article 26.13(a) was amended to include admonishments regarding the sex offender
registration requirement, several courts of appeals have addressed the issue of whether a trial court's
failure to admonish a defendant regarding the registration requirement affects a guilty plea. The
majority of those courts have applied the Carranza (3) standard of review in conjunction with the
concepts of direct versus collateral consequences of a plea in determining whether reversible error
occurred and the defendant's plea was invalidated. See, e.g., Lopez v. State, 71 S.W.3d 511, 516
(Tex. App.-Fort Worth 2002, no pet.); Alvarez v. State, 63 S.W.3d at 583; Thompson v. State, 59
S.W.3d 802, 806-07 (Tex. App.-Texarkana 2001, pet. ref'd); Shankle v. State, 59 S.W.3d 756, 759-62 (Tex. App.-Austin 2001, pet. granted); Ducker v. State, 45 S.W.3d 791, 793-96 (Tex.
App.-Dallas 2001, no pet.).

 Generally, if a defendant is fully advised of the direct consequences of his plea, his ignorance
of a collateral consequence does not render the plea involuntary. See State v. Jimenez, 987 S.W.2d
886, 888-89 (Tex. Crim. App. 1999); Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App.
1997). Each of the courts cited above initially concluded that the admonishments under article
26.13(a)(5) regarding sex offender registration are only collateral and that the failure to admonish
a defendant, alone, does not invalidate a guilty plea. See Lopez, 71 S.W.3d at 516; Alvarez, 63
S.W.3d at 582; Thompson, 59 S.W.3d at 806-07; Shankle, 59 S.W.3d at 759-62; Ducker, 45
S.W.3d at 793-96. The courts then proceeded to apply the Carranza standard of review to the facts
of the particular cases.

 In Thompson and Ducker, the courts determined that, in the absence of evidence that the
defendant was unaware of the consequences of his plea and that he was misled or harmed by the trial
court's admonishment, no reversible error occurred. See Thompson, 59 S.W.3d at 807; Ducker, 45
S.W.3d at 795-96; see also Alvarez, 63 S.W.3d at 583; Lopez, 71 S.W.3d at 516. On the other hand,
in Shankle, the case on which Appellant relies, the court determined that, even though registration
is a collateral consequence, the registration requirement was so serious that the trial court's failure
to admonish the defendant regarding registration affected a substantial right and was reversible error. 
See Shankle, 59 S.W.3d at 761-62. Although from our review of Shankle, it is clear the court
determined Shankle was harmed by the admonishment, we see no indication that the court also
concluded from its review of the record that Shankle was not aware of the consequences of his plea. 
See id. at 760-62. As such, we conclude that the analysis in Shankle is incomplete, and therefore
not helpful to us in our analysis of the case at hand.

 In conducting our harmful error analysis, we have reviewed the record in the instant case. 
See Johnson, 43 S.W.3d at 5. Appellant admitted to sexually assaulting N.N. Appellant understood
the range of punishment for the offense and that he could be found guilty and sentenced accordingly. 
There is no evidence that Appellant was unaware of the registration requirement or that he would
not have pleaded guilty if the trial court had properly admonished him regarding registration. Rather,
Appellant's trial counsel informed the trial court that he believed that Appellant understood his rights
and the consequences of entering the guilty plea. Thus, if anything, the record reflects that Appellant
was aware of the registration requirement, it being one of the consequences of his entering a guilty
plea.

 We agree that the registration requirement is a serious consequence of Appellant's plea, albeit
a collateral one. However, in the absence of evidence in the record that Appellant was unaware of
such a consequence of his plea and that he was misled or harmed by the trial court's admonishment,
we conclude the trial court's failure to admonish Appellant regarding the registration requirement
was harmless error. See Alvarez, 63 S.W.3d at 583; Thompson, 59 S.W.3d at 806-07; Ducker, 45
S.W.3d at 793-96; see also Lopez, 71 S.W.3d at 516. Appellant's sole issue is overruled. 


Conclusion

 Having concluded that the trial court's failure to admonish Appellant regarding the
registration requirement was harmless error, we affirm the judgment of the trial court.


 SAM GRIFFITH 

 Justice


Opinion delivered February 28, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.



(DO NOT PUBLISH)
1. In this opinion, we use the victim's initials instead of her name.
2. We note that an appellant has no burden to show harm under Rule 44.2(b). See Johnson v. State, 43
S.W.3d 1, 5 (Tex. Crim. App. 2001). 
3. Carranza v. State, 980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998).