Cory Michael Bloch

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-363-CR

CORY MICHAEL BLOCH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Cory Michael Bloch entered an open plea of guilty to one count of aggravated sexual assault of a child under fourteen years of age.  Pursuant to Appellant’s election, a jury assessed punishment at 99 years’ confinement. We will affirm.

Appellant’s court-appointed counsel has filed a motion to withdraw and a brief in support of the motion.  In his brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 378, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant also has filed a brief pro se, arguing that he received ineffective assistance of counsel and that his sentence is excessive.  As the reviewing court, we must conduct an independent evaluation of the record to determine whether there is any arguable ground that may be raised on Appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 920.

Appellant entered an open plea of guilty, so he has waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independently of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004-05).  Further, the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice.  
See
 
Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

In his pro se brief, Appellant contends that he did not fully understand the implications of his guilty plea and that he did not actually understand the nature of the charged offense because he believed at the time that child molestation was a form of love.  Furthermore, our review of the record reveals that the trial court erred by failing to admonish Appellant as required by article 26.13 of the code of criminal procedure regarding registration as a sex offender and by failing to ask whether his attorney had advised him of the registration requirements.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(5), (h).  Because the trial court’s failure to provide this admonishment and inquiry is non-constitutional error,
 it presents grounds for reversal only if Appellant was unaware of the consequences of his plea and was misled or harmed by the trial court’s defective admonishment. 
 
See Aguirre-Mata v. State
, 992 S.W.2d 495, 498-99 (Tex. Crim. App. 1999); 
see also 
Tex. R. App. P.
 44.2(b) (stating that nonconstitutional error that does not affect substantial rights must be disregarded).

After reviewing the record, we conclude that Appellant’s substantial rights were not affected by the trial court’s failure to comply with article 26.13(a) and (h).  Appellant understood the range of punishment for the offense and that the jury would, upon a finding of guilt, assess punishment within that range.  Appellant not only pleaded guilty to sexually assaulting a ten-year-old boy but also admitted performing oral sex on another twelve-year-old boy and touching the genitalia of three other boys under the age of fourteen, and he understood that the jury hearing these admissions was responsible for determining his punishment.  Furthermore, there is no evidence in the record that Appellant was unaware of the registration requirement, that he would not have pleaded guilty if the trial court had properly admonished him regarding registration, or that his plea was based on any factor other than his desire to plead guilty.  Therefore, the trial court’s failure to make the required admonishment and inquiry under article 26.13 was harmless error that does not require reversal.  
See Lopez v. State, 
71 S.W.3d 511, 516 (Tex. App.—Fort Worth 2002, no pet.) (article 26.13(a)(5)); 
Thompson v. State
, 59 S.W.3d 802, 807 (Tex. App.—Texarkana 2001, pet. ref’d) (article 26.13(h)).  

Because the record reveals that Appellant received all other required admonishments, the burden shifts to Appellant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm.  
See Martinez v. State, 
981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  However, nothing in the record indicates that Appellant had any misunderstanding about the consequences of pleading guilty or the nature of the charged offense.  Therefore, Appellant has failed to meet his burden of showing that his plea was not voluntary.  The record reveals no other error that occurred before Appellant pleaded guilty; accordingly, there is no appealable error under 
Young.  See
 8 S.W.3d at 656.

In his first point on appeal, Appellant contends that he received ineffective assistance because his trial counsel failed to cross-examine various witnesses on their allegedly false testimony, failed to challenge police officers’ testimony that Appellant had a bad character and reputation, failed to give Appellant sufficient time to secure character witnesses, failed to arrange for a psychological assessment of Appellant, and failed to file a motion for new trial.  To prevail on his claim of ineffective assistance, Appellant must show both that his counsel’s performance was deficient and that the deficient performance prejudiced his defense.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Hernandez v. State
, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999).  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson v. State
, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  If Appellant fails to show either deficient performance or sufficient prejudice, he cannot prevail on his claim of ineffective assistance.  
See
 
Id.

In evaluating the adequacy of counsel’s representation under the first 
Strickland 
prong, we look to the totality of the representation and the particular circumstances of the case.  
See Thompson
, 9 S.W.3d at 813
. 
 Our scrutiny of counsel’s performance must be highly deferential, and we must make every effort to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.  The record in this case does not affirmatively demonstrate that counsel’s decision to avoid questioning witnesses about their allegedly false statements or to “adequately” question the police officers about their testimony on Appellant’s character and reputation was anything other than a strategic decision.  Indeed, Appellant even explains in his brief that counsel said it would “look bad” to “harass” the testifying children and their family members on the witness stand.  Furthermore, the record in this case does not affirmatively demonstrate that counsel’s decision not to file a motion for new trial amounted to deficient performance.

Similarly, Appellant has not directed us to anything in the record establishing that counsel failed to provide adequate time to secure character witnesses or failed to arrange for a psychological assessment of Appellant.   Without record evidence to the contrary, we must presume that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  
Id. 
at 690, 104 S. Ct. at 2066.  Because Appellant has pointed to nothing in the record that overcomes this presumption, he has failed to meet the first 
Strickland 
prong.  
See id. 
at 689, 104 S. Ct. at 2065.
(footnote: 2)  We overrule Appellant’s first point.

In his second point, Appellant argues that the punishment assessed by the jury of 99 years’ imprisonment is excessive.  Appellant’s punishment was within the statutory range of punishment available for the crime committed.
(footnote: 3) Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  A narrow exception to this rule arises when the sentence is grossly disproportionate to the offense.  
See Moore v. State
, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref’d).  However, Appellant does not indicate in his brief where he objected to the length of the sentence at the trial level, and we cannot find such an objection in our own review of the record.  Without such objection, error, if any, is forfeited.  
See 
Tex. R. App. P.
 33.1; 
Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)
; 
In re C.J.H.
, 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.).
(footnote: 4)  We therefore overrule Appellant’s second point.

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER
, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 24, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
In a case such as this, which involves counsel’s alleged errors of omission outside the trial record rather than errors of commission revealed in the record, collateral attack such as application for writ of habeas corpus may be the vehicle by which a record may be developed that contains a thorough examination of the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.

3:
Aggravated sexual assault of a child under fourteen years of age is a first-degree felony punishable by imprisonment for a term of not more than 99 years or less than 5 years.  
Tex. Penal Code Ann.
 § 12.32(a) (Vernon 2003), § 22.021(e) (Vernon Supp. 2004-05).  

4:
But cf. Ray v. State
, 119 S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, pet. ref’d).