COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-363-CR
  
  
CORY 
MICHAEL BLOCH                                                         APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Cory Michael Bloch entered an open plea of guilty to one count of aggravated 
sexual assault of a child under fourteen years of age. Pursuant to Appellant’s 
election, a jury assessed punishment at 99 years’ confinement. We will affirm.
        Appellant’s 
court-appointed counsel has filed a motion to withdraw and a brief in support of 
the motion. In his brief, counsel avers that, in his professional opinion, this 
appeal is frivolous. Counsel’s brief and motion meet the requirements of Anders 
v. California, 386 U.S. 378, 87 S. Ct. 1396 (1967), by presenting a 
professional evaluation of the record demonstrating why there are no reversible 
grounds on appeal and referencing any grounds that might arguably support the 
appeal. See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 
1995, no pet.). Appellant also has filed a brief pro se, arguing that he 
received ineffective assistance of counsel and that his sentence is excessive. 
As the reviewing court, we must conduct an independent evaluation of the record 
to determine whether there is any arguable ground that may be raised on 
Appellant’s behalf. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. 
Crim. App. 1991); Mays, 904 S.W.2d at 920.
        Appellant 
entered an open plea of guilty, so he has waived the right to appeal any 
non-jurisdictional defects, other than the voluntariness of his plea, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independently of, and is not supported by, the alleged error. See Young v. 
State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our independent review of 
the record is limited to potential jurisdictional defects, the voluntariness of 
Appellant’s plea, potential error occurring before Appellant’s plea that 
resulted in or supports the judgment of guilt, and potential error occurring 
after the guilty plea. See Young, 8 S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects. The trial court had 
jurisdiction over the case. Tex. Code 
Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004-05). Further, the 
indictment conferred jurisdiction on the trial court and provided Appellant with 
sufficient notice. See Tex. Const. 
art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).
        In 
his pro se brief, Appellant contends that he did not fully understand the 
implications of his guilty plea and that he did not actually understand the 
nature of the charged offense because he believed at the time that child 
molestation was a form of love. Furthermore, our review of the record reveals 
that the trial court erred by failing to admonish Appellant as required by 
article 26.13 of the code of criminal procedure regarding registration as a sex 
offender and by failing to ask whether his attorney had advised him of the 
registration requirements. Tex. Code 
Crim. Proc. Ann. art. 26.13(a)(5), (h). Because the trial court’s 
failure to provide this admonishment and inquiry is non-constitutional error, it 
presents grounds for reversal only if Appellant was unaware of the consequences 
of his plea and was misled or harmed by the trial court’s defective 
admonishment. See Aguirre-Mata v. State, 992 S.W.2d 495, 498-99 (Tex. 
Crim. App. 1999); see also Tex. R. 
App. P. 44.2(b) (stating that nonconstitutional error that does not 
affect substantial rights must be disregarded).
        After 
reviewing the record, we conclude that Appellant’s substantial rights were not 
affected by the trial court’s failure to comply with article 26.13(a) and (h). 
Appellant understood the range of punishment for the offense and that the jury 
would, upon a finding of guilt, assess punishment within that range. Appellant 
not only pleaded guilty to sexually assaulting a ten-year-old boy but also 
admitted performing oral sex on another twelve-year-old boy and touching the 
genitalia of three other boys under the age of fourteen, and he understood that 
the jury hearing these admissions was responsible for determining his 
punishment. Furthermore, there is no evidence in the record that Appellant was 
unaware of the registration requirement, that he would not have pleaded guilty 
if the trial court had properly admonished him regarding registration, or that 
his plea was based on any factor other than his desire to plead guilty. 
Therefore, the trial court’s failure to make the required admonishment and 
inquiry under article 26.13 was harmless error that does not require reversal. See 
Lopez v. State, 71 S.W.3d 511, 516 (Tex. App.—Fort Worth 2002, no pet.) 
(article 26.13(a)(5)); Thompson v. State, 59 S.W.3d 802, 807 (Tex. 
App.—Texarkana 2001, pet. ref’d) (article 26.13(h)).
        Because 
the record reveals that Appellant received all other required admonishments, the 
burden shifts to Appellant to demonstrate that he did not fully understand the 
consequences of his plea such that he suffered harm. See Martinez v. State, 
981 S.W.2d 195, 197 (Tex. Crim. App. 1998). However, nothing in the record 
indicates that Appellant had any misunderstanding about the consequences of 
pleading guilty or the nature of the charged offense. Therefore, Appellant has 
failed to meet his burden of showing that his plea was not voluntary. The record 
reveals no other error that occurred before Appellant pleaded guilty; 
accordingly, there is no appealable error under Young. See 8 S.W.3d at 
656.
        In 
his first point on appeal, Appellant contends that he received ineffective 
assistance because his trial counsel failed to cross-examine various witnesses 
on their allegedly false testimony, failed to challenge police officers’ 
testimony that Appellant had a bad character and reputation, failed to give 
Appellant sufficient time to secure character witnesses, failed to arrange for a 
psychological assessment of Appellant, and failed to file a motion for new 
trial. To prevail on his claim of ineffective assistance, Appellant must show 
both that his counsel’s performance was deficient and that the deficient 
performance prejudiced his defense. Strickland v. Washington, 466 U.S. 
668, 687, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 988 S.W.2d 
770, 770 n.3 (Tex. Crim. App. 1999). An allegation of ineffective assistance 
must be firmly founded in the record, and the record must affirmatively 
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 
813 (Tex. Crim. App. 1999). If Appellant fails to show either deficient 
performance or sufficient prejudice, he cannot prevail on his claim of 
ineffective assistance. See Id.
        In 
evaluating the adequacy of counsel’s representation under the first Strickland 
prong, we look to the totality of the representation and the particular 
circumstances of the case. See Thompson, 9 S.W.3d at 813. Our scrutiny of 
counsel’s performance must be highly deferential, and we must make every 
effort to eliminate the distorting effects of hindsight. Strickland, 466 
U.S. at 689, 104 S. Ct. at 2065. The record in this case does not affirmatively 
demonstrate that counsel’s decision to avoid questioning witnesses about their 
allegedly false statements or to “adequately” question the police officers 
about their testimony on Appellant’s character and reputation was anything 
other than a strategic decision. Indeed, Appellant even explains in his brief 
that counsel said it would “look bad” to “harass” the testifying 
children and their family members on the witness stand. Furthermore, the record 
in this case does not affirmatively demonstrate that counsel’s decision not to 
file a motion for new trial amounted to deficient performance.
        Similarly, 
Appellant has not directed us to anything in the record establishing that 
counsel failed to provide adequate time to secure character witnesses or failed 
to arrange for a psychological assessment of Appellant. Without record evidence 
to the contrary, we must presume that counsel "rendered adequate assistance 
and made all significant decisions in the exercise of reasonable professional 
judgment." Id. at 690, 104 S. Ct. at 2066. Because Appellant has 
pointed to nothing in the record that overcomes this presumption, he has failed 
to meet the first Strickland prong. See id. at 689, 104 S. Ct. at 
2065.[2]  We overrule Appellant’s first point.
        In 
his second point, Appellant argues that the punishment assessed by the jury of 
99 years’ imprisonment is excessive. Appellant’s punishment was within the 
statutory range of punishment available for the crime committed.[3]  Generally, punishment assessed within the statutory 
limits is not excessive, cruel, or unusual punishment.  Jordan v. State, 
495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  A narrow exception to this 
rule arises when the sentence is grossly disproportionate to the offense. See 
Moore v. State, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. 
ref’d).  However, Appellant does not indicate in his brief where he 
objected to the length of the sentence at the trial level, and we cannot find 
such an objection in our own review of the record. Without such objection, 
error, if any, is forfeited. See Tex. 
R. App. P. 33.1; Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. 
App. 1996); In re C.J.H., 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 
2002, no pet.).[4]  We therefore overrule 
Appellant’s second point.
        After 
independently reviewing the record, we agree with appellate counsel’s 
determination that any appeal from this case would be frivolous.  
Accordingly, we grant appellate counsel’s motion to withdraw and affirm the 
trial court’s judgment.
 
  
                                                          PER 
CURIAM
 
 
PANEL 
F:   MCCOY, J.; CAYCE, C.J.; and WALKER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 24, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In a case such as this, which involves counsel’s alleged errors of omission 
outside the trial record rather than errors of commission revealed in the 
record, collateral attack such as application for writ of habeas corpus may be 
the vehicle by which a record may be developed that contains a thorough 
examination of the alleged ineffectiveness.  Thompson, 9 S.W.3d at 
814.
3.  
Aggravated sexual assault of a child under fourteen years of age is a 
first-degree felony punishable by imprisonment for a term of not more than 99 
years or less than 5 years.  Tex. 
Penal Code Ann. § 12.32(a) (Vernon 2003), § 22.021(e) (Vernon Supp. 
2004-05).
4.  
But cf. Ray v. State, 119 S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, 
pet. ref’d).