Affirmed and Memorandum Opinion filed February 8, 2005









Affirmed
and Memorandum Opinion filed February 8, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-04-00109-CR 

         14-04-00110-CR

____________

 

RANDY LEE TATUM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause Nos. 957,449;957,450

 



 

M E M O R A N D U M  O P I N I O N

Appellant Randy Lee Tatum pled guilty to
aggravated robbery and aggravated sexual assault.  The trial court sentenced him to fifteen
years for the robbery offense and to seventy-five years for the sexual assault
offense.  On appeal, appellant claims
that an inconsistency in the plea documents rendered his plea involuntary.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion. Tex. R. App. P. 47.1. 
We affirm.








Appellant alleges
that he bargained for a presentence investigation and hearing following his
plea; in his plea papers, however, appellant initialed a section waiving his
right to a presentence investigation report. 
Appellant claims that this inconsistency shows his lack of understanding
of the consequences of his plea and therefore renders his plea involuntary
under the standards laid out in North Carolina v. Alford, 400 U.S. 25,
31 (1970) (plea is voluntary if the record reflects that the defendant’s plea
is a voluntary and intelligent choice) and Ex Parte Morrow, 952 S.W.2d
530, 534–35 (Tex. Crim. App. 1997) (an accused must be fully aware of the
direct consequences of the plea into which he enters).

A defendant must knowingly and voluntarily
enter his guilty plea in order for the plea to be constitutionally valid.  See Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2003); Brady v. U.S.,
397 U.S. 742, 753 (1970); Flowers v. State, 935 S.W.2d 131, 133 (Tex. Crim. App.1996).  In evaluating a claim of an involuntary guilty
plea, an appellate court considers the entire record and the totality of the
circumstances surrounding the plea.  Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim.
App.1998) (per curiam); see also Ducker v. State, 45 S.W.3d 791, 796 (Tex.
App.—Dallas 2001, no pet.).  If a
defendant attests that his plea is voluntary and that he understands its
nature, his burden is heavy on appeal to show that the plea was, in fact,
involuntary.  Jones v. State, 855 S.W.2d 82, 84 (Tex.
App.—Houston [14th Dist.] 1993, pet. ref'd).  To
prove involuntariness, an appellant must show that the court’s admonishments
left him unaware of the plea’s consequences and that he was misled or
harmed.  See Tex. Code Crim. Proc. Ann. art.
26.13(c) Vernon 2003); Tabora v. State, 14 S.W.3d 332, 334 (Tex.
App.—Houston [14th Dist.] 2000, no pet.) (citing Ex Parte Williams, 704
S.W.2d 773, 775 (Tex. Crim. App. 1986)).








In this case, the appellant attested in
writing that his plea was voluntary and that he understood its nature.  Furthermore, the appellant received a
presentence investigation hearing, during which the judge stated that she had
received a copy of the presentence investigation and other documents from
friends and family.  We therefore fail to
see how the appellant’s initialing of the waiver of his right to a presentence
investigation report in the plea admonishment documents while requesting a
presentence investigation in the plea bargain itself would render his plea
involuntary under Texas law.  We hold
that appellant has not met his burden to show that he pled guilty without
understanding the consequences of his plea and consequently suffered harm.  Tabora, 14 S.W.3d at 334.  We thus hold that his plea was voluntary; his
only point of error is therefore overruled.

We affirm the judgment of the trial court.

 

 

 

/s/      Adele
Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 8, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).