COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 


 
 
  
 GREGORY MICHAEL FOWLER,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,  
  
                             Appellee. 
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 §
 
  
 
 
  
 No.
 08-11-00027-CR
  
 Appeal
 from the
  
 355th
 Judicial District Court
  
 of
 Hood County, Texas 
                                     
 (TC#
 CR11726) 
 
 


O P I N I O N

            Gregory Michael Fowler was convicted
of four counts of sexually assaulting Cleo Jo Venuezla (pseudonym), a child
under the age of 17 years, and one count of indecency with a child (also Cleo
Jo Venuezla) by contact.  After pleading
guilty to the offenses in front of the jury, and subsequent to the punishment
phase of the trial, the jury assessed punishment at fifteen (15) years’ in
prison as to each of five of the seven counts in the indictment.  The trial court sentenced Fowler to fifteen
years confinement in the Texas Department of Corrections as to Counts One, Two,
Three, and Four, to run concurrently to one another, and fifteen years as to
Count Six, to run consecutively to the sentence imposed in Counts One through
Four.  In three issues on appeal, Fowler
argues that the judgment of the trial court should be reversed because:  (1) the trial judge failed to admonish Fowler
that he would be obligated to register as a sex offender; (2) the trial judge
failed to admonish Fowler that the trial court had the authority to run the
sentences imposed consecutively; and (3) the prosecution of the indecency with
a child by contact offense was barred by double jeopardy inasmuch as that
offense was a lesser included offense of sexual assault of a child.  We affirm.

Background

            Appellant
was indicted on November 10, 2010, in Hood County Texas and charged with four
counts of sexual assault of a child under the age of 17 years, and three counts
of indecency with a child by contact. 
All of the charges were second degree felonies.

            Appellant
met Venuezla in a Christian-based drug and alcohol rehabilitation program known
as Celebrate Recovery.  Venuezla was
fifteen years’ old and Appellant was thirty-seven.  Initially, the relationship was similar to
that of a father and daughter.  The
relationship progressed and Appellant began sending Venuezla sexually
suggestive text messages and video clips of himself masturbating.  At some point, Appellant began having sexual
intercourse with Venuezla.

            During this
time period, Appellant was residing in an apartment with at least two other
roommates.  One of those roommates, Noah
Kinsey, testified that he overheard sounds of people having sexual intercourse
coming from Appellant’s room in the residence. 
He stated that he was aware that Venuezla was only fifteen years’ old,
and he was uncomfortable and concerned with the relationship between Appellant
and Venuezla.  As a result, Kinsey called
the police.

            Officer Patrick
Wiginton and Officer Michael Holly were dispatched to the residence to
investigate a possible sexual assault. 
Officer Holly, looking through a window, saw Appellant and Venuezla in
bed together.  Officer Wiginton stated
that Appellant answered the door wearing only boxer shorts.  Corporal Damon Hice told the jury that after
interviewing Venuezla, he was convinced that Appellant and Venuezla had had
sexual intercourse, and that Venuezla had felt pressured to have intercourse
with Appellant.

            Both
Venuezla and Appellant testified at trial. 
Venuezla told the jury that she had met Appellant at Celebrate Recovery
and that she perceived him as a father figure. 
She admitted that the relationship did change and become sexual, but
testified that Appellant did not threaten or force her to have intercourse.  She stated that they had had intercourse more
times than she could count.  Appellant’s
testimony was much the same.  Both
testified that they thought that once they had intercourse, they were married.  Appellant stated that he had made plans with
Venuezla to run away to Spain where he claimed the age of consent was fifteen.

            After
hearing all of the evidence presented at the punishment phase of the trial, the
jury assessed punishment at fifteen years confinement in the Texas Department
of Corrections as to Counts One, Two, Three, Four, and Six of the Indictment.  The trial court ordered the sentences imposed
as to Counts One through Four to run concurrent to one another, and the
sentence imposed as to Count Six to run consecutive to the sentences imposed as
to Counts One through Four.

Failure to Admonish – Sex Offender Registration

Appellant first contends that the trial court committed
reversible error when it failed to admonish him regarding the statutory requirement
that he register as a sex offender, and that because there is no evidence in
the record that Appellant was aware that he would have to register as a sex
offender, an inference exists that he was unaware of the registration
requirement.  The State concedes that the
trial court failed to admonish Appellant that upon a plea of guilty, he would
be obligated to register as a sex offender, but contends that such error was
harmless because there was no evidence that Appellant was unaware of the
registration requirement or that he would not have pled guilty if he had been
so admonished.

Prior to accepting a plea of guilty
or nolo contendere, a trial court shall admonish the defendant of the fact that
the defendant will be required to meet the registration requirements of Chapter
62 of the Texas Code of Criminal Procedure if he is convicted of an offense for
which a person is subject to registration under that chapter.  See Tex.Code Crim.Proc.Ann. art.
26.13(a)(5)(West Supp. 2011).  However,
in admonishing the defendant, substantial compliance by the trial court is
sufficient, unless the defendant affirmatively shows that he was not aware of
the consequences of his plea and that he was misled or harmed by the
admonishment of the court.  See Tex.Code
Crim.Proc.Ann. art. 26.13(c).  Further, the failure of the trial court to
comply with Subsection (a)(5) is not a ground for a defendant to set aside the
conviction, sentence, or plea.  See Tex.Code
Crim.Proc.Ann. art. 26.13(h).

The admonishments under Article
26.13(a) are not constitutionally required because their purpose and function
is to assist the trial court in making the determination that a guilty plea is
knowingly and voluntarily entered.  See Aguirre-Mata v. State, 992 S.W.2d
495, 498-99 (Tex.Crim.App. 1999); Alvarez
v. State, 63 S.W.3d 578, 581 (Tex.App.--Fort Worth 2001, no pet.).  Thus, a trial court commits non-constitutional
error when it fails to admonish a defendant on one of the statutorily required
admonishments.  Id.

Non-constitutional error is
disregarded, unless it affects a substantial right of the appellant. See Tex.R.App.
P. 44.2(b).  In this context, a
substantial right is affected if the appellant was unaware of the consequences
of his plea and was misled or harmed by the admonishment of the trial court.  Alvarez,
63 S.W.3d at 581-82; Tex.Code
Crim.Proc.Ann. art. 26.13(c).  We
assess the harm to the appellant, if any, after reviewing the record, although
an appellant has no burden to show harm under Rule 44.2(b).  See Johnson v. State, 43 S.W.3d 1, 5
(Tex.Crim.App. 2001).

Since Article 26.13(a) was amended
to include admonishments regarding the sex offender registration requirement,
several courts of appeal have addressed the issue of whether a trial court’s
failure to admonish a defendant regarding the registration requirement affects
a guilty plea.  The majority of those
courts have applied the standard of review set out in Carranza v. State[1]
relative to the concepts of direct versus collateral consequences of a plea
in determining whether reversible error occurred and the defendant’s plea was
invalidated.  See, e.g., Lopez v. State,
71 S.W.3d 511, 516 (Tex.App.--Fort Worth 2002, no pet.); Alvarez, 63 S.W.3d at 583; Thompson
v. State, 59 S.W.3d 802, 806-07 (Tex.App.--Texarkana 2001, pet. ref’d); Ducker v. State, 45 S.W.3d 791, 793-96
(Tex.App.--Dallas 2001, no pet.).

Generally, if a defendant is fully
advised of the direct consequences of his plea, his ignorance of a collateral
consequence does not render the plea involuntary.[2]  See Anderson
v. State, 62 S.W.3d 304, 306 (Tex.App.--Fort Worth 2001, pet. granted), aff’d by, 182 S.W.3d 914 (Tex.Crim.App.
2006); State v. Jimenez, 987 S.W.2d
886, 888-89 (Tex.Crim.App. 1999); Ex
parte Morrow, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997).  Each of the courts cited above initially
concluded that the admonishments under Article 26.13(a)(5) regarding sex
offender registration are collateral and that the failure to admonish a
defendant, alone, does not invalidate a guilty plea.[3]  See Anderson
62 S.W.3d at 307; Lopez, 71
S.W.3d at 516; Alvarez, 63 S.W.3d at
582; Thompson, 59 S.W.3d at 806-07; Ducker, 45 S.W.3d at 795-96.  The courts then proceeded to apply the Carranza standard of review to the facts
of the particular cases.

In Anderson, Thompson, and Ducker, the courts determined that, in
the absence of evidence that the defendant was unaware of the consequences of
his plea and that he was misled or harmed by the trial court’s admonishment, no
reversible error occurred.  See Anderson, 62 S.W.3d at 306-07; Thompson, 59 S.W.3d at 807; Ducker, 45 S.W.3d at 795-96; see also Alvarez, 63 S.W.3d at 583; Lopez, 71 S.W.3d at 516.

In 2004, the Court of Criminal
Appeals held that the requirement to register as a sex offender is a direct rather
than a collateral consequence of a guilty plea. 
See Mitschke v. State, 129
S.W.3d 130, 136 (Tex.Crim.App. 2004).  The
Court determined that because the consequence is definite and completely
automatic, it is a direct consequence of a guilty plea.  Id.
at 135.  However, the Court also found
that because the consequence (registration) is a non-punitive measure, failure
to admonish does not necessarily render a plea involuntary.  Id.
at 136.  Finally, the Court noted that Mitschke did not
show any harm resulting from his asserted lack of knowledge as to the
registration requirement.  Id. at 136.

Here, the record contains no
indication that Appellant was aware that he would have to register as a sex
offender.  The trial court did not
admonish Appellant of the requirement either orally or in writing and the
subject apparently never arose as it should have.  On the other hand, there is no evidence in
the record that Appellant was unaware of the registration requirement or that
he would not have pled guilty had the trial court properly admonished him
regarding registration.  Under these
facts, we conclude that an inference exists that Appellant did not know that as
a consequence of his pleas, he would be obligated to register as a sex
offender.

Next, we must examine the record
for indications of whether Appellant was misled or harmed by the trial court’s
failure to admonish him about the registration requirement.  In conducting our harm analysis in this case,
we have reviewed the complete record.  See Johnson, 43 S.W.3d at 5; Tex.R.App.P. 44.2(b).  Harm means that Appellant probably would not
have pled guilty but for the failure to admonish.  See
Carranza, 980 S.W.2d at 657-58.  In
other words, does the record contain any indication that Appellant would not
have pled guilty if he had known that he would be required to register as a sex
offender? 

Our review of the record suggests
that Appellant would still have pled guilty even if he had been properly
admonished by the trial court.  Appellant’s
trial counsel informed the trial court that he believed that Appellant had
“made his decision” which indicated to the court that Appellant understood his
rights and the consequences of entering the guilty pleas.  When viewed in the context of the
admonishments being given by the trial court at that time, counsel’s statement
is a fairly unambiguous indication that Appellant would have pled guilty even
if he had been admonished about the sex offender registration
requirements.  Further, Appellant has not
claimed at any point in this appeal that his guilty pleas were involuntary due
to the trial court’s failure to admonish him that he would be required to
register as a sex offender.

Additionally, the evidence against
Appellant was overwhelming.  He pled
guilty in front of the jury and supported his plea with testimony admitting
that he had sexual encounters too numerous to count with the fifteen-year-old
Venuezla, and that he had no remorse for his actions.  Venuezla herself testified as to the number
and type of sexual encounters between her and Appellant.  The record is clear that he understood the
range of punishment for the offense and that by pleading guilty in front of the
jury, the trial court would find him guilty and he would be sentenced following
the conclusion of the punishment phase of the trial.

We acknowledge that the registration
requirement is a serious direct consequence of Appellant’s plea.  However, in the absence of evidence in the
record that Appellant was misled or harmed by the trial court’s lack of an admonishment,
or any claim that his pleas were involuntary as a result of the failure to
admonish, we conclude the trial court’s failure to admonish Appellant regarding
the registration requirement did not render his plea involuntary or violate due
process. See Mitschke, 129 S.W.3d at
136; Alvarez, 63 S.W.3d at 583; Thompson, 59 S.W.3d at 806-07; Ducker, 45 S.W.3d at 793-96; see also Lopez, 71 S.W.3d at 516.  By the standard of Rule of Appellate Procedure
44.2(b), the trial court’s error in failing to admonish Appellant as to the
direct, non-punitive requirement that he would be obligated to register as a
sex offender was harmless.  Appellant’s
first issue is overruled.

Failure to Admonish – Consecutive Sentences

            In his next
issue, Appellant contends that while the trial court had the authority to order
consecutive sentences, it erred by failing to admonish Appellant regarding the
potential for consecutive sentences thereby rendering the plea involuntary
requiring reversal of the sentence imposed. 
The State counters that a trial court is not required to warn a
defendant that it has the authority to impose consecutive sentences because
consecutive sentences are a collateral rather than a direct, punitive
consequence of a guilty plea.

Section
3.03(b)(2)(A) of the Texas Penal Code authorizes a trial court to
impose consecutive sentences where a defendant is convicted of multiple sex
crimes arising from the same criminal episode. 
Tex.Penal Code Ann. §
3.03(b)(2)(A)(West Supp. 2011).  Here,
the trial court elected to run the sentences imposed as to Counts One, Two,
Three, and Four of the Indictment concurrent to one another, and the sentence
imposed as to Count Six of the Indictment consecutive to the sentences imposed
in the first four counts.  It is
undisputed that the trial court had the discretion to do so.  The question is whether the trial court’s
failure to admonish Appellant that it had the authority to impose consecutive
or cumulative sentences rendered Appellant’s pleas involuntary.[4]

It is a violation of due process
for a trial court to accept a guilty plea without an affirmative showing that
the guilty plea was “intelligent and voluntary.”  Aguirre-Mata
v. State, 125 S.W.3d 473, 474 (Tex.Crim.App. 2003)(en banc), quoting Boykin v. Alabama, 395 U.S. 238, 240-42, 89 S.Ct. 1709, 1711-12, 23
L.Ed.3d 274 (1969).  If a defendant is
fully aware of the direct consequences of his plea, it is generally considered
voluntary.  Mitschke, 129 S.W.3d at 136;
Jimenez, 987 S.W.2d at 888.  Direct
consequences are those that are “definite and largely or completely automatic,”
and a trial court is only obligated to advise a defendant of “direct
consequences that are punitive in nature or specifically enunciated in the
law.”  McGrew v. State, 286 S.W.3d 387, 391
(Tex.App.--Corpus Christi 2008, no pet.), quoting
Mitschke, 129 S.W.3d at 136.  A collateral consequence is one that lies
within the discretion of the court whether to impose it.  Mitschke,
129 S.W.3d at 134; McGrew, 286 S.W.3d
391.  A plea will not be rendered
involuntary by lack of knowledge about a collateral consequence.  See
Jimenez, 987 S.W.2d at 888.

As the Corpus Christi Court of
Appeals noted in McGrew, the Court of
Criminal Appeals has not yet addressed whether the failure to admonish a
defendant about the possibility that the sentences may be imposed consecutively
violates due process and renders a guilty plea involuntary.  However, a number of federal circuits have
held that the imposition of consecutive sentences is a collateral consequence
of a guilty plea, and the failure to admonish a defendant of that possibility
does not render a guilty plea involuntary in violation of a defendant’s due
process rights.  See Wilson v. McGinnis, 413 F.3d 196, 199 (2nd Cir. 2005); United States v. Hurlich, 293 F.3d 1223,
1231 (10th Cir. 2002); United States v.
Hernandez, 234 F.3d 252, 256 (5th Cir. 2000); United States v. Ferguson, 918 F.2d 627, 631 (6th Cir. 1990); United States v. Wills, 881 F.2d 823,
827 (9th Cir. 1989); United States v.
Ray, 828 F.2d 399, 417-19 & n.19 (7th Cir. 1987).

Moreover, our sister court has also
held that the imposition of consecutive sentences is a collateral consequence
of a guilty plea and a plea is not rendered involuntary by a trial court’s
failure to warn of such a possibility.  See McGrew v. State, 286 S.W.3d 387, 391
(Tex.App.--Corpus Christi 2008, no pet.). 
See also Johnson v. State,
2011 WL 5282675 at *5 (Tex.App.--Corpus Christi Nov. 3, 2011, pet. ref’d)(not
designated for publication)(memo opin.); O’Bryan
v. State, 2011 WL 1441892 at*2-*3 (Tex.App.--Corpus Christi April 14, 2011,
no pet.)(not designated for publication)(memo opin.).

            We agree
and today hold that the imposition of consecutive sentences is not a direct
consequence of a guilty plea, and a plea is not rendered involuntary by a trial
court’s failure to admonish a defendant of the possibility of consecutive
sentences.  Trial courts have substantial
discretion to order concurrent or consecutive sentences, and the imposition of
consecutive sentences is not definite and largely or completely automatic.  See
McGrew, 286 S.W.3d at 391.  Because
the imposition of consecutive sentences in this case was a collateral
consequence of the pleas entered by Appellant, he has failed to establish that
his plea was involuntary due to the trial court’s failure to warn of that
consequence.[5]  Issue Two is overruled.

Double Jeopardy

            In his
third and final issue, Appellant argues that his offense of indecency with a
child by contact (Count Six) is barred by the double jeopardy provisions of the
United States and Texas Constitutions,[6]
for the reason that the penetration referenced in Counts One through Four
required the contact referenced in Count Six. 
In other words, Appellant claims that indecency with a child by contact
is a lesser included offense of sexual assault in this case.  The State responds that Appellant did not
preserve his claim for review because he did not lodge an objection on double jeopardy
grounds prior to entering his pleas of guilty, and even if he did preserve his
claim, indecency with a child by contact is not a lesser included offense of
sexual assault in this case.

The Double Jeopardy Clause of the
Fifth Amendment protects a defendant in a criminal proceeding against both
successive punishments and successive prosecutions for the same offense. United States
v. Dixon, 509 U.S.
688, 696, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993).[7]  Greater inclusive and lesser included offenses
can be the same offense for jeopardy purposes. Brown v. Ohio, 432 U.S.
161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977); Parrish v.
State, 869 S.W.2d
352, 354 (Tex.Crim.App. 1994).  The protections against double jeopardy are
fundamental in nature; therefore, an appellant may generally raise the issue
for the first time on appeal without regard to preservation of error.  See
Gonzalez v. State, 8 S.W.3d 640, 643-644 (Tex.Crim.App. 2000).  However, in order to do so, the double
jeopardy violation must be apparent on the face of the record, and enforcement
of the usual rules of procedural default would serve no legitimate state
interests.  Id.

Where the evidence shows that the
defendant committed only one act that could be used to prove both a greater
inclusive and a lesser included offense, the defendant cannot be convicted of both
offenses.  Ochoa v.
State, 982 S.W.2d
904, 908 (Tex.Crim.App. 1998).

Indecency with a child by contact
can be a lesser included offense of aggravated sexual assault of a child if the
same act is used to prove both the touching and the penetration.  Id.;
DeMoss v.
State, 12 S.W.3d
553, 561 (Tex.App.--San Antonio 1999, pet. ref’d); Hutchins v.
State, 992 S.W.2d
629, 632 (Tex.App.--Austin 1999, pet. ref’d, untimely filed).

Here,
because indecency with a child by contact can
be a lesser included offense of sexual assault, we choose to address Appellant’s
argument. 

The record shows that Appellant was
charged with violating seven different statutory provisions on November 10,
2010.  Four counts of sexual assault of a
child younger than the age of 17[8],
and three counts of indecency with a child younger than 17 years of age by
contact.[9]  Appellant pled guilty to the four counts of
sexual assault alleged in Counts One, Two, Three, and Four, and to one count of
indecency by contact as alleged in Count Six of the Indictment.[10]  Count One alleged that Appellant penetrated
Venuezla’s sexual organ with his penis. 
Count Two alleged that Appellant penetrated Venuezla’s sexual organ with
his finger.  Count Three alleged that
Appellant penetrated Venuezla’s sexual organ with his tongue.  Count Four alleged that Appellant penetrated
Venuezla’s mouth with his penis.  Count
Six alleged that Appellant, with the intent to gratify his own sexual desire,
touched the breast of a child younger than 17 years of age (Venuezla).

The sexual assault offenses required
proof that Appellant intentionally or knowingly caused the penetration of:  Venuezla’s female sexual organ by Appellant’s
penis (Count One); Venuezla’s female sexual organ by Appellant’s finger (Count
Two); Venuezla’s female sexual organ by Appellant’s tongue (Count Three); and
Venuezla’s mouth by Appellant’s penis (Count Four); and that Venuezla was a
child under 17 and was not Appellant’s spouse.  See Tex.Penal Code Ann. § 22.011 (West
2011).

The indecency offenses required
proof of the following facts:  that Appellant
engaged in sexual contact with Venuezla by touching her genitals (Count Five)
and breast (Count Six) and by causing Venuezla to touch Appellant’s genitals
(Count Seven) with intent to arouse or gratify the sexual desire of Appellant,
and that Venuezla was a child under 17 and not Appellant’s spouse.  See Tex.Penal
Code Ann. § 21.11.

In its motion to dismiss, the State
conceded that Counts Five and Seven were in fact lesser included offenses of
the sexual assault offenses contained in Counts One, Two, Three, and Four of
the Indictment inasmuch as the elements of those sexual assault offenses
required the same proof for the indecency with a child by contact
offenses.  However, the allegations in
Count Six of the Indictment do not allege any penetration.  Rather, the contact alleged is that Appellant
touched Venuezla’s breast with the intent to arouse or gratify his own sexual
desire.

We conclude that, under the facts
presented in this case, indecency with a child by contact was not a lesser
included offense of the sexual assault offenses and that Appellant’s double
jeopardy rights were not violated by his prosecution for the sexual assault
offenses (Counts One, Two, Three, and Four) and the offense of indecency with a
child by contact (Count Six).  In this
case, indecency with a child by contact is a separate and distinct offense, which
required proof of Appellant having touched Venuezla’s breast apart from the
sexual assault offenses all of which involved the penetration of Venuezla’s
female sexual organ or mouth.  See Lopez v. State, 108 S.W.3d 293, 300
n.28 (Tex.Crim.App. 2003)(noting that actor can be prosecuted for separate
violations of sexual assault statute based on different acts that occur in same
transaction). Accordingly, Appellant’s third issue is overruled.

Conclusion

            Having
overruled each of Appellant’s issues, the judgment of the trial court is
affirmed.

 

March 21, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and
Antcliff, JJ.

 

(Do Not Publish)











[1]
980 S.W.2d 653, 655-56 (Tex.Crim.App. 1998).

 





[2]
However, obviously, the better practice for a trial court, in order to comply
with the requirements of Article 26.13(a)(5) of the Texas Code of Criminal
Procedure, is to admonish a defendant that he will, upon conviction, be
obligated to register as a sex offender.

 





[3]
We do not find persuasive Appellant’s argument that a trial court’s failure to
admonish a defendant as to the statutory sex offender registration requirement
is tantamount to a failure to admonish the defendant as to the range of
punishment for the charged offense(s).





[4]
The trial court, on at least three occasions, admonished Appellant that he was
subject to a punishment range of “as little as two years, probated, up to 20
years in the penitentiary and a $10,000 fine.”





[5]
There is some evidence in the record that Appellant did understand that the
possibility of consecutive sentences existed when he inquired of the Court:

 

Defendant:  Thank you. 
If they do – if I do plead guilty, which charge do I plead guilty to?

.               .               .

The Court:  All right. 
There’s your answer.  You’ll be
entering a plea to all seven of the counts.

Defendant:  And it’s – it’s – each – each count carries a
charge of two to 20?

The Court:  Yes, sir.

 





[6]
U.S. Constitution Amendments V and XIV; Texas Constitution Article I, section
14.

 





[7]
The Double Jeopardy Clause provides that no person shall “be subject for the
same offence to be twice put in jeopardy of life or limb.”  U.S. Const.
Amend. V.





[8]
See Tex.Penal
Code Ann. § 22.011 (West 2011).

 





[9]
See Tex.Penal
Code Ann. § 21.11 (West 2011).

 





[10]
On motion of the State, the trial court dismissed Counts Five and Seven of the
Indictment on December 3, 2010. Count Five alleged that Appellant, with the
intent to arouse or gratify his own sexual desire engaged in sexual contact
with Venuezla, a child younger than 17 years of age, by touching her
genitals.  Count Seven alleged that that
Appellant, with the intent to arouse or gratify his own sexual desire engaged
in sexual contact with Venuezla, a child younger than 17 years of age, by
causing her to touch the genitals of Appellant.