**AFFIRM; and Opinion Filed May 13, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-01488-CR

### No. 05-12-01489-CR

**JUAN RAMON HERNANDEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1219054-H and F-1219055-H**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

Appellant Juan Ramon Hernandez pleaded guilty to intoxication assault and intoxication manslaughter. The jury assessed his punishment at ten years' imprisonment for the intoxication assault conviction, fifteen years' imprisonment for the intoxication manslaughter conviction, and a fine of $10,000 for each offense. In a single issue, appellant contends his guilty pleas were rendered involuntary because he was not properly admonished of the immigration consequences of those pleas. We affirm the trial court's judgments.

The record must affirmatively demonstrate that a defendant who pleaded guilty did so voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). We determine the voluntariness of a plea of guilty from the totality of the circumstances viewed in light of the entire record. *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.). Article 26.13 of the Texas Code

of Criminal Procedure requires the trial court to give a defendant certain admonishments before accepting his guilty plea. Among those required admonishments is this warning concerning the immigration consequences of pleading guilty:

> if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX. CRIM. PROC. CODE ANN. art. 26.13(a)(4) (West Supp. 2013). A failure to give this admonishment may result in reversible error. *See VanNortrick v. State*, 227 S.W.3d 706, 714 (Tex. Crim. App. 2007).

When appellant's brief was filed, the record did not indicate the trial court had orally admonished him before accepting his pleas of guilty. However, the court reporter has since determined that the pre-trial proceedings in these cases were inadvertently omitted from her transcription. The reporter has filed a supplemental record of the pre-trial proceedings, which includes the following exchange concerning the intoxication assault charge:

> The Court: I have to also warn you that if you're not a US citizen your plea of guilty to the charge, and the other one as well, could and in all likelihood would result in your deportation, exclusion from admission or denial of naturalization under federal law.
>
> Do you understand that?
>
> The Defendant: Can you repeat that, please?
>
> The Court: Your plea of guilty to this Indictment and the other one as well, if that's how you want to plead, if you're not a US citizen, your plea of guilty could and in all likelihood would result in your deportation, exclusion from admission or denial of naturalization under federal law.
>
> Do you understand that?
>
> The Defendant: Yes.
>
> The Court: Okay. Knowing all these things that I warned you about, do you still persist in pleading guilty?
>
> The Defendant: Yes.

The supplemental record also includes the following exchange concerning appellant's intoxication manslaughter charge:

> The Court: Again, Mr. Hernandez, those same warnings apply. If you persist in proceeding guilty, I'll instruct the jury to find you guilty. They'll be required to set the punishment in that range of punishment. And if you're not a US citizen your plea of guilty in all likelihood would result in your deportation, exclusion from admission, and denial of naturalization under federal law.
>
> So do you understand all that?
>
> The Defendant: Yes.

We conclude the trial court properly admonished appellant as to the immigration consequences of both of his pleas. Accordingly, we conclude his guilty pleas were given voluntarily, and we overrule appellant's single issue.

We affirm the trial court's judgments.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121488F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN RAMON HERNANDEZ, Appellant

No. 05-12-01488-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-1219054-H.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JUAN RAMON HERNANDEZ, Appellant

No. 05-12-01489-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-1219055-H.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE