**Affirm, and Modify and Affirm; Opinion Filed April 1, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00414-CR**
**No. 05-19-00415-CR**
**No. 05-19-00416-CR**

**KYLE DAMOND JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-22371-H, F18-53537-H, F18-53538-H**

## OPINION

Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Nowell

Kyle Damond Jones pleaded guilty to a single charge of evading arrest or detention with a vehicle and two charges of aggravated assault with a deadly weapon. The trial court placed him on deferred adjudication community supervision in each case. Although appellant waived his right to appeal, the trial court granted him permission to appeal in exchange for his promise not to contact his victims. In fifteen issues, appellant argues (1) the deferred adjudication order on the evading charge is void and the sentence is illegal because the offense was a state jail felony,

not a third-degree felony; (2)–(4) the sentences should be vacated because he was incompetent; (5)–(7) the record does not show he was properly admonished or he voluntarily waived his rights; (8)–(10) the record does not establish an adequate factual basis for each plea; (11)–(13) the trial court erred by not requiring a written waiver of his right to a jury trial in addition to his plea papers; and (14)–(15) the judgments in trial court cause numbers F18-53537-H and F18-35358-H should be modified. We modify the trial court's judgments in cause numbers F-1853537-H and F18-35358-H and affirm as modified. We affirm the trial court's judgment in cause number F18-22371-H.

### A. Evading Arrest or Detention as a Third-Degree Felony

In his first issue, appellant argues the deferred adjudication order for the evading arrest or detention charge is void and his third-degree felony sentence is illegal because he did not have a prior conviction for evading arrest or detention and, therefore, the offense was a state jail felony. A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. TEX. PENAL CODE § 38.04(a). Subsection (b) establishes the offense level as a Class A misdemeanor, except under certain circumstances, such as when the person has been previously convicted of evading arrest or detention or uses a vehicle or watercraft while in flight. *Id*. § 38.04(b). It is the application of those circumstances at issue in this case.

During the 2011 legislative session, section 38.04 was amended multiple times, resulting in two different punishment schemes. Both punishment schemes are codified in section 38.04(b)(2)(A). One scheme classifies the offense as a third-degree felony where the actor uses a motor vehicle or watercraft in fleeing law enforcement and previously has been convicted under section 38.04. Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Gen. Laws 1046, 1046–47 (current version at TEX. PENAL CODE § 38.04(b)(2)(A)), and Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Gen. Laws 2010, 2011 (current version at TEX. PENAL CODE ANN § 38.04(b)(2)(A)). The other version of the punishment scheme makes evading arrest or detention a third-degree felony where the actor uses a vehicle while in flight, regardless of his having been previously convicted of the offense. Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2321, 2322 (current version at TEX. PENAL CODE § 38.04(b)(2)(A)).

This Court previously considered the issue of conflicting statutory provisions regarding the offense level for this crime when, as here, the accused uses a vehicle in flight. *See Allgood v. State*, No. 05-17-00875-CR, 2018 WL 3868157, at *2 (Tex. App.—Dallas Aug. 15, 2018, no pet.) (mem. op., not designated for publication). We concluded: "The offense of evading arrest or detention, when the accused uses a motor vehicle in his flight, is a third degree felony, regardless of whether the accused has a prior conviction for evading arrest or detention. Thus, [appellant's] complaint that he should have been charged with a state-jail felony is without merit."

–3–

*Id.* at \*3. Because appellant used a motor vehicle in his flight, the offense is a third-degree felony regardless of whether he had a prior conviction for evading arrest or detention. *See id.* We overrule appellant's first issue.

### B. Competency

In his second, third, and fourth issues, appellant argues each deferred adjudication order should be vacated because the trial court entered its restoration judgment on the incorrect basis that the state hospital reported appellant was competent.

Appellant was arrested for two aggravated assaults with a deadly weapon on April 19, 2018. On September 21, 2018, the trial court entered an order for appellant to be examined by Dr. Lisa K. Clayton to determine whether he was competent to stand trial. After performing a psychiatric evaluation on October 25, 2018, Dr. Clayton concluded appellant was mentally incompetent to stand trial "due to his severe mental illness, Schizophrenia," but would regain his competency in the foreseeable future with proper treatment. Based on Dr. Clayton's report, the trial court held a hearing at which it determined appellant was incompetent to stand trial; however, with treatment, the court believed he would regain or recover his competency in the near or foreseeable future. The trial court ordered appellant committed to a facility for up to 120 days. Appellant remained in jail and was not transferred to a mental health facility.

On January 9, 2019, appellant filed a motion for speedy trial. He also sent a handwritten letter to the court stating:

> Per Tx Penal Code[,] I, Kyle Damond Jones, am attesting my competency. I understand the set up of the court system. The Judge oversee [sic] evidence presented by the defense and prosecution. The prosecution represents the State. The defense represents me and my representative is my attorney. I have the option to let the Judge decide the verdict or let the Jury. I understand so I am not incompetent. I am asking to be restored to competent [sic] via Tx crim code 46B.108. Being eccentric is not being incompetent. Being incompetent is not being crazy. Those lines seem to have been blurred and I am asking to be restored since I understand so it is obvious I am not incompetent.

The letter states he requests "this statement is entered into the court record." On February 12, 2019, the trial court ordered Dr. Michael Pittman to determine appellant's competency. After examining appellant, Dr. Pittman filed a report reflecting his conclusion that appellant had "a sufficient present ability to understand the proceedings against him. He is also capable of cooperating with his attorney in formulating a defense with a reasonable degree of rational understanding. In my opinion, Mr. Jones is competent to stand trial." A docket entry made on March 1, 2019, states: "Hospital sent defendant back competent. Defendant restored to competency today per Dr. Pittman's report dated 2/21/2019." At his plea hearing on March 20, 2019, appellant agreed with his counsel that he was restored to competency; the trial court found appellant competent to enter his pleas.

On appeal, appellant argues that "the trial court arbitrarily found without any factual basis that Appellant was restored to competency at the state hospital. This

–5–

determination was arbitrary because the record shows that Appellant was restored to competency in the county jail; he was never taken to the state hospital."

A person is incompetent to stand trial if the person does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. art. 46B.003. The Texas Court of Criminal Appeals noted that the fact a defendant is mentally ill does not by itself mean he is incompetent. *See Turner v. State*, 422 S.W.3d 676, 691 (Tex. Crim. App. 2013).

A trial court may, upon receiving credible evidence that a criminal defendant has been restored to competency following the competency hearing but before the defendant is transported to a mental health facility, appoint a disinterested expert to reexamine the defendant. TEX. CODE CRIM. PROC. art. 46B.0755(a). If, after a reexamination, the expert opines the defendant has been restored to competency, the trial court must withdraw its order of commitment. *Id*. art. 46B.0755(b). If both parties agree the defendant is competent to stand trial, and the trial court concurs, the court is required to find the defendant competent to stand trial. *Id*. art. 46B.0755(c).

In this case, appellant was never transported to a mental health facility; he remained in jail. After learning appellant had possibly regained competency while in jail, the trial court ordered Dr. Pittman to evaluate him. Dr. Pittman then reported appellant was competent to stand trial. Appellant testified at his plea hearing that he

had been found incompetent, but he had been legally restored to competency. Defense counsel informed the trial court he was satisfied his client was mentally competent at the plea hearing, and the trial court found appellant was mentally competent to enter the pleas. Based on this record, we conclude the trial court complied with the procedures set out in article 46B.0755 of the code of criminal procedure, and we overrule appellant's second, third, and fourth issues.

### C. Voluntariness

In his fifth, sixth, and seventh issues, appellant argues he is entitled to a new trial in each case because the record does not establish proper admonishments or that he voluntarily waived his rights and voluntarily pleaded guilty. The voluntariness of a plea is determined from the totality of the circumstances viewed in light of the entire record. *Loring v. State*, No. 05-18-00421-CR, 2019 WL 3282962, at *4 (Tex. App.—Dallas July 22, 2019, no pet.) (mem. op., not designated for publication) (citing *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.)). When the record reflects that a defendant was properly admonished, a prima facie showing exists that the guilty plea was entered knowingly and voluntarily. *Id.* (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)). The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not fully understand the consequences of his plea such that he suffered harm. *Id.* (citing *Martinez*, 981 S.W.2d at 197). "An accused who attests that he understands the nature of his guilty plea and that it is voluntary has a heavy

burden on appeal to show that his plea was involuntary." *Id.* (citing *Starz v. State*, 309 S.W.3d 110, 117 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd)).

The plea agreements, which appellant signed, state: "You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have a right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. If the Court rejects any plea bargain made in this case, you may withdraw your plea of guilty or nolo contendere." Under the heading "Defendant's Statements and Waivers," each plea agreement states in part:

> With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or nolo contendere. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witness against me, and that I have a right to be tried upon an indictment returned by a grand jury.
> . . .
> I admit and judicially confess that I committed the offense . . . exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

Under the section titled "Signatures and Acknowledgments," appellant signed his name underneath a paragraph that states:

> I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made

with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

At the plea hearing, appellant told the trial court he understood everything he signed, including the ranges of punishment, and he was entering his pleas freely and voluntarily. He also testified under oath that he entered his pleas freely and voluntarily. The trial court found the pleas were entered freely and voluntarily.

All aspects of the record show appellant entered his pleas freely and voluntarily. Because appellant has not shown he did not voluntarily waive his rights and plead guilty, we overrule his fifth, sixth, and seventh issues.

### D. Factual Basis for Each Plea

In his eighth, ninth, and tenth issues, appellant asserts the record does not establish an adequate factual basis for each plea. Appellant's brief states the evidence in his cases "was limited to written judicial confessions that tracked the indictments"; those judicial confessions were admitted and are part of the record. When a defendant waives his right to a jury trial and pleads guilty, the State is required to introduce evidence showing that the defendant is guilty. TEX. CODE CRIM. PROC. art. 1.15; *see also Wallace v. State*, No. 05-18-00006-CR, 2018 WL 6839572, at *2 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (mem. op., not designated for publication). A judicial confession, standing alone, is sufficient to support a guilty plea as long as it covers every element of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *Wallace*, 2018 WL 6839572, at *2.

The judicial confessions executed by appellant track the language of the indictments and cover every element of each charged offense. Standing alone, they are sufficient evidence to support his guilty pleas for each offense. We overrule appellant's eighth, ninth, and tenth issues.

### E. Waiver of Right to Jury

In his eleventh, twelfth, and thirteenth issues, appellant argues the trial court erred by accepting his waiver of his right to a jury in each case because he did not execute a written waiver in addition to his plea papers. Article 1.13 of the Texas Code of Criminal Procedure requires a defendant who waives his right to a jury trial to do so in writing in open court with the approval of the court and the State. TEX. CODE CRIM. PROC. art. 1.13(a).

Each plea agreement appellant executed includes a section titled "Court's Admonitions to Defendant," and those sections state in part: "You have an absolute right to a jury trial." The "Defendant's Statements and Waivers" in the same document state in part: "I understand that I have an absolute right to a jury trial . . . . I hereby waive . . . . my right to a jury trial. . . ." Appellant signed the documents. The trial court judge also signed the documents underneath a paragraph that states in part:

> It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely,

–10–

and voluntarily made, and approves the waivers and agreements, accepts the defendant's plea. . . .

During the plea hearing, the trial court judge and appellant had the following exchange:

THE COURT: Sir, did you read, did your lawyer go over with you, and did you understand everything that you signed in your case, including the Court's written warnings of your statutory and constitutional rights?

THE DEFENDANT: Yes.

THE COURT: Did you read and go over each of the indictments with your attorney?

THE DEFENDANT: Yes.

THE COURT: You understand the charges against you in these cases and the ranges of punishment?

THE DEFENDANT: Yes.

THE COURT: In each case, sir, you have a right to a jury trial. It's my understanding you wish to waive and give up those rights; is that true?

THE DEFENDANT: Yes.

. . . .

[DEFENSE COUNSEL]: Your Honor, comes now Kyle Jones in three causes before the Court. . . . He will waive his right to jury trials. He will enter pleas of guilty to the charges as they stand alleged.

Appellant cites no authority requiring he execute a written waiver in addition to the plea papers. The plea papers, executed by appellant, appellant's attorney, the prosecutor, and the trial court judge, included clear waivers of appellant's right to a jury trial. The court also ensured appellant knowingly waived his right to a jury trial during the plea hearing, and appellant's counsel announced the same during the

hearing. We conclude the record shows appellant waived his right to a jury trial in writing and with the approval of the State and the court. We overrule appellant's eleventh, twelfth, and thirteenth issues.

### F. Modification of Judgments

In his fourteenth and fifteenth issues, appellant asserts the deadly-weapon findings in the judgments in trial court cause numbers F18-53537-H and F18-53538-H should be deleted as premature. The State responds the deadly-weapon findings should be deleted because the written plea agreements specified that there would be no deadly-weapon findings. The plea agreements state there would be no affirmative finding of deadly weapons. However, under the heading "<u>Findings on Deadly Weapon,</u>" the trial court's orders of deferred adjudication in cause numbers F18-53537-H and F18-53538-H state: "YES, NOT A FIREARM."

"The only proper role of the trial court in the plea-bargain process is advising the defendant whether it will 'follow or reject' the bargain between the state and the defendant." *Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) (citing TEX. CODE CRIM. PROC. art. 26.13(a)(2) ("the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea.")). The "trial court commits error if it unilaterally adds un-negotiated terms to a plea-bargain agreement." *Id.* This Court may modify the trial court's judgment to

–12–

make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W. 2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W. 2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We conclude the requested modifications are supported by the record.

As reflected in the plea agreements in trial court cause numbers F18-53537-H and F18-53538-H, the parties agreed there would be no deadly-weapon findings in the deferred-adjudication orders. Because those orders incorrectly include deadly-weapon findings, we delete them in trial court cause numbers F18-53537-H and F18-53538-H.

In conclusion, we modify the trial court's orders of deferred adjudication in cause numbers F18-53537-H and F18-35358-H to delete the deadly-weapon findings and affirm as modified. We affirm the trial court's order of deferred adjudication in cause number F18-22371-H.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)
190414F.P05

–13–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

KYLE DAMOND JONES, Appellant

No. 05-19-00414-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F18-22371-H.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of April, 2020.



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

KYLE DAMOND JONES, Appellant

No. 05-19-00415-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F18-53537-H.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "<u>Findings on Deadly Weapon,</u>" we **DELETE** the words "YES, NOT A FIREARM" and **ADD** the term "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 1st day of April, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KYLE DAMOND JONES, Appellant

No. 05-19-00416-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1853538-H.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Findings on Deadly Weapon," we DELETE the words "YES, NOT A FIREARM" and **ADD** the term "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 1st day of April, 2020.